IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DENNIS MATTINGLY, JOSEPH BERRY, and KENNETH TRAINOR JR., individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WASTE MANAGEMENT, INC. and WASTE MANAGEMENT OF KENTUCKY, LLC,<br><br>Defendants. | Case No.: **3:09cv-867 M**<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br>(JURY TRIAL DEMANDED) |

For their Complaint against Defendants Waste Management, Inc. and Waste Management of Kentucky, LLC, Plaintiffs by and through their attorneys, state and allege as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiffs in this action were previously "opt-in" plaintiffs in a Fair Labor Standards Act overtime case captioned *Saleen et al. v. Waste Management, Inc.*, No. 08-4959 PJS/JJK (D. Minn.), which was filed on August 18, 2008 in the United States District Court for the District of Minnesota.  Plaintiffs live and/or worked as drivers and/or ride-along loaders/helpers for Defendants in Kentucky during the time periods relevant herein.  During Plaintiffs' employment, Defendants automatically deducted one-half hour of pay from Plaintiffs each day to account for meal and/or break periods.  Plaintiffs, however, regularly worked without taking full half-hour uninterrupted meal and/or break periods.  As a result of Defendants' unlawful practices, Plaintiffs customarily and regularly worked for Defendants in excess of forty (40) hours per week without being paid for all overtime hours worked.

2. On June 15, 2009, the Honorable Magistrate Judge Jeffery J. Keyes denied the plaintiffs' motion in the *Saleen* case for nationwide conditional class certification and judicial notice pursuant to 29 U.S.C. § 216(b). The plaintiffs in the *Saleen* case subsequently sought review of the order by the Honorable Judge Patrick J. Schiltz.

3. On July 21, 2009, Plaintiffs and Defendants entered into a tolling agreement, confirmed in writing, by which Plaintiffs' state law claims under the Kentucky Wages and Hours Act (along with the claims of the putative class described herein) would be tolled as of July 21, 2009. Plaintiffs agreed to file these state law claims along with their FLSA claims in the event that the denial of conditional certification in the *Saleen* case was affirmed.

4. On September 1, 2009, Judge Schiltz affirmed the denial of the *Saleen* plaintiffs' motion for nationwide conditional class certification, and dismissed Plaintiffs' claims without prejudice. The court gave Plaintiffs 60 days to re-file their FLSA claims in an appropriate venue.

5. Pursuant to Judge Schiltz's order and the parties' tolling agreement, Plaintiffs now bring this collective and class action for unpaid wages and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Kentucky Wages and Hours Act, KRS 337.010 *et seq.*

## JURISDICTION & VENUE

6. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Original jurisdiction exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) there are 100 or more members in the proposed class, (2) at least some members of the

proposed class have a different citizenship from Defendants, and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

7.       In addition, this Court has supplemental jurisdiction over Plaintiffs' claims under the Kentucky Wages and Hours Act, KRS 337.010 *et seq.* pursuant to 28 U.S.C. § 1367, because those claims derive from a common nucleus of operative fact.

8.       Venue is proper in the United States District Court, Western District of Kentucky, pursuant to 28 U.S.C. § 1391, because Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

9.       Defendant Waste Management, Inc. is a foreign corporation with its principle place of business in Houston, Texas. Defendant Waste Management of Kentucky, LLC is a foreign limited liability company with a registered agent at 4169 Westport Road, Louisville, KY 40207. Defendants provide sanitation and trash collection services throughout the United States, including in the state of Kentucky. Defendants, in conjunction with their respective divisions and subsidiaries, suffered and permitted Plaintiffs and those similarly situated to work on their behalf, providing sanitation and related services. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d) and Kentucky wage and hour laws.

10.       Plaintiffs Dennis Mattingly, Joseph Berry, and Kenneth Trainor Jr. live and/or worked as drivers for Defendants in Kentucky during the applicable statute of limitations. Plaintiffs were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e) and Kentucky wage and hour laws.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs bring Count I on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). (See Consent Forms attached as Exhibit A). Plaintiffs and the similarly situated individuals are individuals who are currently or have been employed by Defendants as drivers and/or ride-along helpers in any of their Kentucky locations during the relevant statutory period, and who were subjected to Defendants' time-keeping system that automatically deducted time to account for meal breaks (the "Collective Class").

12. During the statutory period, Plaintiffs and the Collective Class worked as or performed the duties of drivers and/or ride-along loaders/helpers for Defendants.

13. During the statutory period, Defendants automatically deducted one half-hour of pay per day from Plaintiffs and the Collective Class to account for meal and/or break periods.

14. During the statutory period, Plaintiffs and the Collective Class regularly worked without taking full half-hour uninterrupted meal and/or break periods.

15. During the statutory period, Plaintiffs and the Collective Class routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked.

16. During the statutory period, Defendants failed to keep accurate time records for all hours worked by Plaintiffs and the Collective Class.

17. These practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiffs and the Collective Class have suffered a loss of wages.

## KENTUCKY CLASS ACTION ALLEGATIONS

18.     Plaintiffs bring Count II on behalf of themselves and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent a class defined as follows:

> All individuals who are currently or have been employed by Defendants as drivers and/or ride-along helpers in any of their Kentucky locations during the relevant statutory period, and who were subjected to Defendants' time-keeping system that automatically deducted time to account for meal breaks (the "Rule 23 Class").

19.     The members of the Rule 23 Class are so numerous that the joinder of all members is impractical and inefficient such that the requirements of Fed. R. Civ. P. 23(a)(1) are met.  Plaintiffs do not know the exact number of class members, but are informed and believe that over five hundred members exist.  Plaintiffs are informed and believe that the identities of the class members may be ascertained from the files and records of Defendants, and other information sources.

20.     There are common questions of law and fact affecting the class members, including but not limited to whether Defendants unlawfully failed to pay overtime compensation, whether Defendants failed to keep accurate time records for all hours worked, the proper measure of damages sustained by the class members, and whether Defendants should be enjoined from such violations in the future.  The requirements of Fed. R. Civ. P. 23(a)(2) are met.

21.     Plaintiffs' claims are typical of the claims of the class as a whole.  Plaintiffs and the Rule 23 Class have suffered harm due to the failure of Defendants to pay them overtime compensation for the time they worked over forty (40) hours per week.  The requirements of Fed. R. Civ. P. 23(a)(3) are met.

22.     Plaintiffs will fairly and adequately protect the interests of the class pursuant to Fed. R. Civ. P. 23(a)(4).  The interests of Plaintiffs are not inconsistent with and not antagonistic

to the interests of the class. Plaintiffs have retained counsel experienced in prosecuting class actions and complex litigation.

23. The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede the interest of other members of the class to protect their interests. Certification under Fed. R. Civ. P. 23(b)(1) is appropriate.

24. Plaintiffs are informed and believe that the Defendants have acted on grounds generally applicable to the class thereby making final injunctive relief or declaratory relief appropriate with respect to the class as a whole. Certification under Fed. R. Civ. P. 23(b)(2) is appropriate.

25. This class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Plaintiffs are informed and believe that the interests of the members of the class in individually prosecuting a separate action is low, in that most class action members would be unable to individually prosecute an action. Plaintiffs are informed and believe that the amounts at stake for individuals are sufficiently small enough for most or all class members such that separate suits would be impractical, and most members of the class would not be able to find counsel to represent them. Plaintiffs are informed and believe that it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum rather than multiple courts. Certification under Fed. R. Civ. P. 23(b)(3) is appropriate.

26. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties,

allows the hearing of claims that might otherwise go unaddressed because of the relative expense of brining individual lawsuits, and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

27. Plaintiffs are informed and believe that the files and records of Defendants contain in computer readable format, a last known address, other identifying information for class members, and information necessary and convenient to identify class members, determine their economic damages, and prosecute this case expeditiously as a class action.

28. Plaintiffs intend to send notice to all members of the Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

29. Plaintiffs hereby incorporate the preceding paragraphs by reference as if full set forth herein.

30. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

31. Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the Collective Class at the required overtime rate.

32. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA.

33. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the Collective Class are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

## COUNT II
### OVERTIME VIOLATIONS
### Kentucky Wages and Hours Act, KRS 337.010 *et seq.*

34. Plaintiffs hereby incorporate the preceding paragraphs by reference as if fully set forth herein.

35. The KWHA, KRS 337.010 *et seq.* requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees. Plaintiffs and the Rule 23 Class are non-exempt employees entitled to overtime pay for all hours worked in excess of forty (40) per week.

36. Pursuant to KRS 337.285, for all time worked in excess of forty (40) hours per week, Plaintiffs and the Rule 23 Class were entitled to be paid at the rate of one and one half times their regular hourly rate of pay.

37. Defendants' actions, policies, and/or practices as described above violate the overtime requirements of the KWHA by regularly and repeatedly failing to compensate Plaintiffs and the Rule 23 Class at the required overtime rate.

38. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

39. Plaintiffs and the Rule 23 Class seek recovery of attorneys' fees, costs, liquidated damages, and expenses of this action to be paid by Defendants, as provided by KRS 337.385.

40. Plaintiffs and the Rule 23 Class seek damages in the amount of their underpayments based on Defendants' failure to pay lawfully wages due as provided by KRS 337.285, and such other legal and equitable relief from Defendants' unlawful conduct as the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and members of the Collective Class who join in this action demand:

1. Judgment against Defendants for an amount equal to Plaintiffs' and similarly situated individuals' unpaid back wages at the applicable overtime rate;

2. An equal amount to the overtime damages as liquidated damages;

3. All costs and attorneys' fees incurred in prosecuting this claim;

4. An award of prejudgment interest (to the extent liquidated damages are not awarded);

5. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

6. Such further relief as the Court deems just and equitable.

WHEREFORE, Plaintiffs and the Rule 23 Class demand:

1. A determination that this action may be maintained as a class action under Rule 23 as defined above;

2. Judgment in the amount of all back overtime wages due as provided by Kentucky state law;

3. Liquidated damages;

4. Reasonable attorneys' fees and costs as provided by Kentucky state law;

5. A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to Plaintiffs and the Rule 23 Class during the temporality of the class;

6. An award of prejudgment interest;

7. Leave to add additional plaintiffs by motion; and

8. Such further relief as the Court deems just and equitable.

        Respectfully submitted,

        s/ <u>Barbara D. Bonar</u>

        Barbara D. Bonar, KY Bar #42213
        Theresa M. Mohan KY Bar #88734
        B. DAHLENBURG BONAR, PSC
        3611 Decoursey
        Covington, KY 41015
        Telephone: (859) 431-3333
        Fax: (859) 392-3900
        bdbonar@lawatbdb.com
        tmohan@lawatbdb.com

        Robert L. Schug, MN Bar #0387013
        (*pro hac vice* application forthcoming)
        NICHOLS KASTER, PLLP
        4600 IDS Center, 80 South 8th Street
        Minneapolis, MN 55402
        Telephone: (612) 256-3200
        Fax: (612) 215-6870
        rschug@nka.com

        ATTORNEYS FOR PLAINTIFFS AND
        PUTATIVE CLASS MEMBERS

## JURY DEMAND

Plaintiffs herein demand a trial by jury.

        s/<u>Barbara D. Bonar</u>